**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-07549-JLS-MAR                                                         Date: January 24, 2023
Title: Yacenia Rauda De Ayala v. American Airlines, Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V.R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

           Not Present                                                                              Not Present

**PROCEEDINGS:** (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 10)

Before the Court is a Motion to Remand brought by Plaintiff Zulma Yacenia Rauda De Ayala. (Mot., Doc 10.) Defendant American Airlines, Inc. ("American Airlines") opposed, and Plaintiff replied. (Opp., Doc. 13; Reply, Doc. 14.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for January 27, 2023 at 10:30 a.m. is VACATED. For the reasons given below, the Court GRANTS Plaintiff's Motion.

**I.      BACKGROUND**

This action stems from injuries Plaintiff alleges she sustained on Defendant's property due to Defendant's negligence. (Complaint, Doc. 1-1 at 5.) She brought claims for general negligence and premises liability in Los Angeles County Superior Court. (*Id.* at 4.) She alleges she suffered damages including wage loss, loss of use of property, hospital and medical expenses, general damage, property damage, loss of earning capacity, and other damages including "[p]ast and future expenses; past and future wage loss and loss of earning capacity; past and future household services; past and future incidental expenses; and past and future pain and suffering." (*Id.*) She brought the action as an "unlimited civil case," meaning that the amount demanded exceeds $25,000. (*Id.* at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-07549-JLS-MAR                                                                 Date: January 24, 2023
Title: Yacenia Rauda De Ayala v. American Airlines, Inc.

On October 17, 2022, American Airlines removed the action to this Court, asserting diversity jurisdiction. (Notice of Removal, Doc. 1.) Plaintiff now moves to remand the action to Superior Court. (Mot.)

## II.     LEGAL STANDARD

As the party invoking the removal jurisdiction of this Court, Defendants bear "the burden of establishing federal jurisdiction." *Cal. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332. Under the removal procedures provided by 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). However, "[w]e strictly construe the removal statute against removal jurisdiction," meaning that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III.    DISCUSSION

Plaintiff does not challenge that there is diversity between the parties, but argues that this Court lacks subject matter jurisdiction over the case because the amount-in-controversy is not met. (Mot. at 4.) American Airlines argues that it has met its burden to show that the amount-in-controversy exceeds $75,000 based on (1) a request for admission by Plaintiff that non-economic damages in the case exceed $500,000 and (2) the fact that the Complaint states that damages exceed $25,000 and that Plaintiff is seeking past and future lost wages, loss of earning capacity, property damage, household services, and past and future medical expenses. (Opp. at 2-3; *see also* Doc. 1-4.) In Reply, Plaintiff argues that American Airlines's factual support is "conclusory and speculative." (Reply at 3-4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-07549-JLS-MAR                              Date: January 24, 2023
Title: Yacenia Rauda De Ayala v. American Airlines, Inc.

     Where, as here, the Complaint does not state a claim for damages in excess of the jurisdictional amount, it is Defendant's burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Ibarra v. Manaheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Courts have considered requests for admission as evidence to support a motion to remand. *See DeJohn v. AT&T Corp.*, No. 10-07107, 2011 WL 9105, at *2 (C.D. Cal. Jan. 3, 2011) (recognizing that written discovery requests constitute "other paper" under 28 U.S.C. § 1446(b), which allows a defendant to remove "within 30 days after receipt … [of an] other paper from which it may first be ascertained that the case is one which is … removable"). Moreover, a plaintiff's estimation of the value of her own claim is evidence of the amount-in-controversy. For example, in *Babasa v. LensCrafters, Inc.*, the Ninth Circuit found that a settlement letter estimating damages in excess of the jurisdictional minimum was sufficient to ascertain removability. 498 F.3d 972, 975 (9th Cir. 2007). Plaintiff argues however that in the request for admission she is "simply asking a question, not asserting one way or another that her damages are at least $500,000." (Reply at 4.)

     The Court agrees that it is too speculative to conclude that Plaintiff values her non-economic damages at more than $500,000 on the basis of a request for admission. Guesswork about the intent behind a request for admission is not sufficient to plausibly demonstrate that the amount in controversy exceeds $75,000. Similarly, Plaintiff's Complaint stating damages in excess of $25,000 and listing many different kinds of damages she will seek is not sufficient to demonstrate by a preponderance of the evidence that the amount-in-controversy exceeds $75,000.

     Defendant requests "limited jurisdictional discovery to establish that the amount in controversy exceeds $75,000" in the event that the Court is inclined to grant the motion to remand. (Opp. at 4.) District courts have discretion to grant such discovery "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). The main consideration is whether a refusal to permit discovery will "result[] in actual and substantial prejudice to the complaining litigant." *Id.* Here, American Airlines has not argued that it will be prejudiced if not able to conduct such discovery. Moreover, it is not apparent that this request for discovery is based on "more

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-07549-JLS-MAR                                          Date: January 24, 2023
Title: Yacenia Rauda De Ayala v. American Airlines, Inc.

than a hunch that it will yield jurisdictionally relevant facts." *Id.* Accordingly, the request for jurisdictional discovery is denied.

**IV.   CONCLUSION**

    For the foregoing reasons, removal was improper and Plaintiff's motion is GRANTED.  This action is remanded to Los Angeles Superior Court, Case No. 22STCV24035.

Initials of Deputy Clerk:  vrv